

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*
March 4, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Yesenia Gabriela Parada Campos v. Noem, et.al*. 26-cv-1238 (Bulsara, J.)

Dear Judge Bulsara:

   This Office represents Respondent Kristi Noem, as Secretary of the Department of Homeland Security and Office Montgomery, who is only identified as an ICE officer ("Respondents"), in the above-referenced action. Respondents respectfully submit this letter in response to Your Honor's Order dated March 3, 2026.

   Petitioner Yesenia Gabriela Parada Campos ("Petitioner") filed a verified writ for habeas corpus on March 3, 2026 (the "Petition") primarily arguing that she should be released because her detention is unlawful pursuant to 8 U.S.C. § 1225. *See* Docket Entry ("DE") #1 at ¶ 18.

   However, the Court should transfer this action to the Southern District of New York ("SDNY") as she was detained in the SDNY, and remains detained in the SDNY, at the time of the filing of her petition. Further, as discussed below, the Petition should not be granted as Petitioner has previously been ordered removed and is being detained pursuant to 8 U.S.C. § 1231.

   In the event the Court does not grant the Petition, Respondents respectfully request a modification of Your Honor's Order to allow detention of Petitioner to include facilities in the District of New Jersey, as the facilities in the Eastern District of New York and Southern District of New York maintain only temporary facilities for females.

  I.  <u>Factual Background</u>

   The relevant facts are set forth in the accompanying exhibits and the Declaration of Tony Petito ("Decl.") and are briefly summarized here. Petitioner, a native and citizen of El Salvador, unlawfully entered the United States near Rio Grande Valley, Texas on December 25, 2013 and was held in custody until December 29, 2013, when she was released on an Order of Recognizance. During her time in custody, the Department of Homeland Security issued her a Notice to Appear ("NTA"), charging her as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* Petitioner appeared for a master calendar hearing, with counsel, on September 25, 2014, and admitted the charges in the NTA. Her attorney filed motions to change venue and with draw from the case because

Petitioner had moved to Tennessee. Petitioner failed to appear for two hearings in the Immigration court in Tennessee and Petitioner was ordered removed *in absentia*.

On March 1, 2026, ICE officers received a notification by the Long Beach Police Department that Petitioner had been arrested; a check of the National Crime Information Center ("NCIC") system showed Petitioner had a Final Order of Removal. ICE officers placed Petitioner under arrest pursuant to an I-205 Warrant of Removal. Petitioner was taken to the Central Islip Hold Room, where she was detained from approximately 6:35 p.m. to 8:30 p.m. on March 1, 2026. She was transferred to 26 Federal Plaza and booked in at approximately 11:30 p.m. The Petition, filed on March 3, 2026, acknowledged that at the time of the filing, Petitioner was detained at 26 Federal Plaza. DE 1 at ¶ 1.

I.      This Action Should Be Transferred to the Southern District of New York

An action that challenges the validity of an individual's detention "falls within the 'core' of the writ of habeas corpus and thus must be brought in habeas". *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). In this action, Plaintiff challenges the validity of her detention by seeking "release from the Respondent's custody." DE #1 at ¶ 18. Therefore, this action "must be brought in habeas", and is subject to the jurisdictional limits applicable to habeas actions. *J.G.G.*, 604 U.S. at 672 (holding that habeas actions must be brought in the district of confinement).

A person who files a habeas petition to challenge her detention must file the petition in the district where she is detained at the time the petition is filed. *Ozturk v. Hyde*, 136 F.4th 382, 390-91 (2d Cir. 2025) (district court properly transferred habeas action to the district in which Ozturk was detained at the time her attorneys filed the petition); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 273 (S.D.N.Y. 2025) (Furman. J.) (holding that the proper venue to file a habeas petition is the district in which the petitioner was detained at the time of filing). If a habeas action is commenced in a district other than the one in which the petitioner was detained at the time the action was commenced, the court in which the action was commenced should transfer the action to the district where the petitioner was detained at the time the action was commenced. *See Ozturk*, 136 F.4th at 340-41 (rejecting challenge to district court's transfer of action to the district where Ozturk was detained at the time the action was commenced). In *Khalil,* 771 F. Supp. 3d at 279, the court transferred that action from the Southern District of New York to the District of New Jersey pursuant to 28 U.S.C. § 1406(a) because Khalil was detained in New Jersey at the time of the filing of that action. *See also Quijada Melara v. ICE*, 25-cv-7086 (E.D.N.Y.) (Dec. 29, 2025 Electronic Order) (Seybert, J.) (citing *Ozturk*, 136 F.4th at 340 and *United States v. Sternquist*, No. 22-cr-473, 2025 WL 3240234, at *1 (E.D.N.Y. Nov. 20, 2025) (Irizarry, J.)); *Morales-Recinos v. Noem*, 25-cv-7127 (Bulsara, J.), DE dated January 2, 2026 (transferring case to the district where Petitioner was detained, citing *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

Petitioner and Respondent agree that, when Petitioner commenced this action, she was detained at 26 Federal Plaza. The Court should therefore transfer this action to the SDNY pursuant to 28 U.S.C. § 1406(a). *See Ozturk*, 136 F.4th at 340-41; *Khalil,* 771 F. Supp. 3d at 279; *Skripnikov v. U.S. ICE*, Civil No. 25-2400, 2025 WL 3471449, at *1 (E.D. La. Dec. 3, 2025) (transferring to the Western District of Louisiana a habeas action commenced by an immigration detainee who was detained at RCC).

## II.    Brief Explanation of the Legal Basis for the Arrest and Detention of Petitioner

ICE arrested, and is detaining, Petitioner pursuant to 8 U.S.C. § 1231 because an administrative final order of removal has been entered against her *in absentia. See generally Lin v. Francis*, No, 25-CV-10001, 2025 WL 3751855, at *3-5 (S.D.N.Y. Dec. 29, 2025) (Engelmayer, J). Petitioner's allegation that she is being detained pursuant to 8 U.S.C. § 1225 is incorrect.

Initially, Respondents note that to the extent Petitioner seeks to challenge the order of removal the issuance of his removal order *in absentia*, (*see* DE #1 at ¶ 7) this court lacks jurisdiction. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal"); 8 U.S.C. § 1252(b)(9) ("[j]udicial review of all questions of law and fact" arising from a removal proceeding "shall be available only in judicial review of a final order" of removal, and "no court shall have jurisdiction . . . by habeas corpus . . . or by any other provision of law . . . to review such an order or such questions of law or fact."); *see also* 8 U.S.C. § 1252(g).

Section 1252(a)(5) gives the courts of appeals exclusive jurisdiction over review of final orders of removal. *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 105 (2d Cir. 2008). "'[T]aken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue – whether legal or factual – arising from *any* removal-related activity can be reviewed only through' a petition for review filed with an appropriate court of appeals." *Asylum Seeker Advocacy Project v. Barr*, 409 F. Supp. 3d 221, 224 (S.D.N.Y. 2019) (quoting *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016)).

Second, Petitioner is being detained pursuant to 8 U.S.C. § 1231 and accordingly, her detention is valid under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which considered ICE's authority to detain an alien subject to a final removal order. The Court held that 8 U.S.C. § 1231(a)(6) authorizes immigration detention for a period reasonably necessary to effectuate the alien' removal from the United States, beyond 90 days, and that six months is a presumptively reasonable period of time for the government to effectuate the alien's removal. *Zadvydas*, 533 U.S. at 699-701. The Court also made it clear that this "presumption . . . does not mean that every alien not removed must be released after six months." *Id.* at 701; *see also Arteaga-Martinez*, 596 U.S. at 581 ("there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings after six months of detention"). The six-month period runs from the date an alien is *actually* detained, not from the date the alien's removal order became final, and the alien *could* have been detained. *See Callender v. Shahahan*, 281 F. Supp.3d 428, 435 (S.D.N.Y. 2017) (habeas petitioner "is confusing the 90-day 'removal period' under [Section 1231(a)(1)(A)], which began when his order became final in 2006[,] with the six month 'presumptively reasonable period of detention' under *Zadvydas*, which could not have begun until he was detained by ICE in 2015") (citations omitted); *Piao v. Lyons,* 2025 WL 3046783, at *2 (E.D. Va. Oct. 31, 2025) (concluding "as has other courts, that the government's failure to detain the Petitioner during the removal period or immediately thereafter does not eliminate the Government's ability to detain Petitioner for the purpose of enforcing that removal order at this time"); *Rodriguez–Guardado v. Smith*, 271 F.Supp.3d 331, 335 n.8 (D. Mass. 2017)

("Petitioner's contention that the *Zadvydas* clock runs while he is not in custody defies common sense.").[1]

        Respondents thank the Court for its consideration of this submission.

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Diane C. Leonardo
        Diane C. Leonardo
        Assistant U.S. Attorney
        (631) 715-7854

cc: Counsel of record by ECF

---

[1]     Respondents acknowledge that during oral argument today in the matter of *Ruano Leiva v. Shanahan*, 26-cv-1162, Your Honor raised the question, while discussing the matter of *Diallo v. Joyce*, 2025 WL 3718477 *4 (S.D.N.Y Dec 23, 2025) about whether an alien may be detained under 1231(a)(6) if not previously detained under 1231 (a)(1).