UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

*YESENIA GABRIELA PARADA CAMPOS.*

       *Petitioner,*

   v.

*NOEM, et al.,*
       *Respondents*.

Civil Action 26-cv-1238 (SJB)

DECLARATION OF ACTING ASSISTANT FIELD OFFICE DIRECTOR TONY PETITO

---

Pursuant to 28 U.S.C. § 1746, I, Tony Petitio, declare under penalty of perjury that the following is true and correct:

1.     I am an Acting Assistant Field Office Director ("AFOD") at U.S. Immigration and Customs Enforcement ("ICE"), Enforcement Removal Operations ("ERO") within the U.S. Department of Homeland Security ("DHS"). I have been with DHS since May 4, 2009. As an AFOD, I supervise and manage ICE Deportation Officers at the Central Islip, New York Office. As part of my job, I have access to documents and information relating to Petitioner Yesenia Gabriela Parada-Campos ("Petitioner").

2.     I have prepared this declaration in connection with a Petition for a Writ of Habeas Corpus filed by the Petitioner. I submit this declaration in support of Respondents' response to the Petition for a Writ of Habeas Corpus dated March 3, 2026. The following representations are based on my personal knowledge of the arrest of Petitioner (Alien Number: 206 427 368) and a review of DHS records and databases maintained in the ordinary course of business, including my review of DHS records for Petitioner.

3.    On December 25, 2013, the Petitioner was encountered by United States Customs and Border Protection ("CBP"), a component of DHS, at or near the Rio Grande Valley, Texas Border Patrol Sector. CBP determined that Petitioner had illegally entered the United States without inspection and did not possess the necessary legal documentation to enter, pass through, or remain in the United States.  Petitioner was arrested and transported to the Weslaco Patrol Station for further processing. At the Weslaco Patrol Station, the Petitioner was advised of her administrative rights in removal proceedings. Petitioner admitted to being a citizen and national of El Salvador without the necessary legal documents to enter, pass through, or to remain in the United States. Petitioner also admitted to illegally crossing the international boundary without being inspected by an immigration officer at a designated Port of Entry. The Petitioner was then detained by CBP.

4.    On December 26, 2013, CBP issued and served Petitioner with a Notice to Appear ("NTA"), attached hereto as Exhibit A, charging her as inadmissible under Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  On December 26, 2013, Petitioner was also served with the Form I-200, Warrant of Arrest, and provided the list of free legal service providers. This information is accessible to view in our internal ICE/DHS databases, but due to the age of case, the hard copy of the I-200 would take significant time to locate.

5.    On December 29, 2013, the Petitioner was Released from CBP detainment facility pursuant to an Order of Recognizance from CBP, due to lack of available bed space for the Petitioner. This information is accessible to view in our internal ICE/DHS databases, but due to the age of case, the hard copy of Order of Recognizance would take significant time to locate.

6.    On September 25, 2014, the Petitioner appeared for her initial master calendar appearance with her attorney. Petitioner through her attorney conceded proper service of the NTA, and admitting to the factual allegations and 212(a)(7)(A)(i)(I) charges in NTA. El Salvador was designated as the country of removal. The date of November 25, 2017, was scheduled for the Petitioner's individual merits hearing.

7.    On October 26, 2016, the Petitioner's attorney filed a motion to change venue with the New York Immigration Court. The Petitioner had relocated from the New York City area to Nashville, Tennessee, and the Memphis Immigration Court would now have jurisdiction over the matter. *See* Exhibit B.

8.    On October 26, 2016, the Petitioner's attorney filed a motion to withdraw from Legal Representation of the Petitioner, with the New York Immigration Court citing the Respondent's recent move from New York to Tennessee as a reason for his withdrawal for representation, as the distance would make it difficult and impractical to continue his legal representation of the Petitioner. *See* Exhibit C.

9.    On November 16, 2016, Petitioner's Motion to Change venue and Petitioner's Attorney's motion to withdraw from legal representation were granted by the New York Immigration Court. *See* Exhibit D.

10.    On February 8, 2017, a master calendar appearance was scheduled at the Memphis Immigration Court for the Petitioner. The Petitioner failed to appear at the Memphis Immigration Court for her initial Court appearance. The Immigration Judge reset the matter to provide the Petitioner with another opportunity to appear in Immigration Court. The Immigration Judge also provided notice to the Petitioner's previous attorney of the Court date, as he was not previously noticed.

11.    On March 3, 2017, another master calendar appearance was scheduled at the Memphis Immigration Court for the Petitioner. The Petitioner failed to appear at the Memphis Immigration Court for her Court appearance. DHS made an oral motion to proceed in absentia, which was granted by the Immigration Judge. DHS, in support of their application to proceed in absentia, entered into evidence DHS form I-213- Record of Encounter. The Immigration Judge found that DHS had met its burden of proof for removability and sustained the findings, and Ordered the Petitioner removed to El Salvador. *See* Exhibit E.

12.    On March 1, 2026, Petitioner was arrested for Operating a Motor Vehicle without a License in violation of New York State Vehicle and Traffic Law ("VTL") 509(1) by the Long Beach Police Department in Long Beach, New York.  The Respondent was issued a desk appearance ticket ("DAT") following her arrest.

13.    On March 1, 2026, at approximately 2:22 p.m., DHS was notified by Long Beach Police Department via Law Enforcement Support Center ("LESC") indicating Petitioner had been arrested on local charges. Once DHS received this alert, the DHS Officer inputted Petitioner's information into ICE database systems and received a

notification result from the National Crime Information Center ("NCIC") system indicating the Petitioner had a Final Removal Order.

14. On, March 1, 2026, at approximately 5:21 p.m., CBP Officers assigned to the ERO New York Field Office - Long Island Sub-Office responded to the Long Beach Police Department, located at 1 W Chester St, Long Beach, NY 11561. CBP Officers identified themselves as Customs and Border Patrol Officers to the Petitioner and then asked the Petitioner a series of pedigree questions to confirm her identity. Once the Petitioner was positively identified, CBP Officers placed the Petitioner under arrest, pursuant to an I-205, Warrant for Removal/Deportation of Alien, and transported her to 100 Federal Plaza, Central Islip, NY 11722 for processing. Petitioner was detained under INA section 241, 8 U.S.C. § 1231. *See* Exhibit F.

15. The Petitioner was detained at the Central Islip Hold Room from approximately 6:35 p.m. to 8:30 p.m. and then transferred to 26 Federal Plaza by ICE's private contractor along with other detainees.

16. After the private contractor transported detainees to other facilities, the Petitioner was booked into 26 Federal Plaza at 11:30 p.m. on March 1, 2026 and remains at 26 Federal Plaza at the time of writing.

I hereby declare under penalty of perjury that the above statements are true and correct.

Executed at New York, New York
This 4th day of March 2026.

TONY PETITO  Digitally signed by TONY PETITO

Tony Petito
Acting Assistant Field Office Director
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security